```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 16-04283-JJT
Carrie A. Propes                                                    Chapter 13
         Debtor                     CERTIFICATE OF NOTICE
District/off: 0314-5          User: CGambini              Page 1 of 1         Date Rcvd: Nov 23, 2016
                              Form ID: pdf002             Total Noticed: 23
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 25, 2016.
```
db              Carrie A. Propes,    530 Beddoe Ct.,    Scranton, PA   18504
4845028        +City of Scranton,    c/o Northeast Revenue Svc.,    340 N. Washington Ave.,
                 Attn: Delinquent Waste Disposal,    Scranton, PA 18503-1582
4845029         Commonwealth Health,    1605 Valley Center Pkwy, Ste 200,    Bethlehem, PA 18017-2345
4845030        +Geisinger Health System,    100 North Academy Ave.,    Danville, PA 17822-0001
4845031        +Ginny’s,    1112 7th Ave.,    Monroe, WI 53566-1364
4845033        +KML Law Group, P.C.,    Suite 5000, BNY Mellon Independence Ctr.,    701 Market St.,
                 Philadelphia, PA 19106-1538
4845032        +KidsPeace,    101 Pittston Ave.,    Scranton, PA 18505-1150
4845034        +Law offices of Tullio DeLuca,    381 N. 9th Avenue,    Scranton, PA 18504-2005
4845037         Medicredit,    PO Box 41187,    St. Louis, MO 63141-3187
4845039        +Moses Taylor Hospital,    700 Quincy Ave,    Attn: Justin Davis CEO,    Scranton, PA 18510-1798
4858130        +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4845040        +Professional Account Svcs.,    P.O. Box 188,    Brentwood, TN 37024-0188
4845041        +Regency Consumer Discount Co,    393 Meridian Ave.,    Scranton, PA 18504-2630
4845042        +Regional Hospital of Scranton,    746 Jefferson Ave.,    Scranton, PA 18510-1624
4845043        +Schumachergroup,    200 Corporate Blvd.,    Lafayette, LA 70508-3870
4845045         Scranton Emergency Group,    746 Jefferson Ave.,    Scranton, PA 18510-1624
4845044         Scranton Emergency Group,    200 Corporate Blvd., Ste. 201,    Lafayette, LA 70508-3870
4845046         Scranton Neighborhood Housing Services,    1510 N Main Ave,    Scranton, PA 18508-1860
4845047        +Vendors Credit Association,    P.O. Box 1366,    Southampton, PA 18966-0822
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4845035         E-mail/Text: camanagement@mtb.com Nov 23 2016 19:12:57     M&T Bank,    1100 Wehrle Drive,
                 Williamsville, NY 14221
4853501         E-mail/Text: camanagement@mtb.com Nov 23 2016 19:12:57     M&T Bank,    P.O. Box 840,
                 Buffalo, NY 14240-0840
4845036         E-mail/Text: camanagement@mtb.com Nov 23 2016 19:12:57     M&TBank,
                 Lending Services, Customer Support,    P.O. Box 1288,    Buffalo, NY 14240-1288
4845038        +E-mail/Text: mmrgbk@miramedrg.com Nov 23 2016 19:13:07     Miramed Revenue Group,
                 991 Oak Creek Dr.,    Lombard, IL 60148-6408
                                                                                             TOTAL: 4

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,   PO Box 41021,    Norfolk, VA 23541-1021
4845027*        Carrie A. Propes,    530 Beddoe Ct.,    Scranton, PA 18504
                                                                                   TOTALS: 0, * 2, ## 0
```

Addresses marked ‘+’ were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 25, 2016                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 23, 2016 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Joshua I Goldman    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Tullio DeLuca    on behalf of Debtor Carrie A. Propes tullio.deluca@verizon.net
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
******************************************************************************

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| CARRIE A. PROPES | : | |
| a/k/a Carrie Ann Propes | : | |
| a/k/a Carrie Propes | : | CASE NO. 5-16-04283 |
| Debtor(s) | : | |
| | : | |
| | : | (Indicate if applicable) |
| | : ( ) | # MOTION(S) TO AVOID LIENS |
| | : ( ) | # MOTION(S) TO VALUE COLLATERAL |
| | : ( ) | ORIGINAL PLAN |
| | : ( x ) | AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc) |

******************************************************************************

## YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## PLAN PROVISIONS

**DISCHARGE: (Check one)**

( x ) the Debtor will seek a discharge of debts pursuant to Section 1328(a).

( ) the Debtor is not eligible for a discharge of debts because the Debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**

( x ) this plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this Plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan payments:</u>

1. To date, the Debtor(s) has paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $5,250.00, plus other payments and property stated in Paragraph B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 11/16 | 04/17 | $0.00 | | $0.00 |
| 05/17 | 10/19 | $175.00 | | $5,250.00 |
| | | | | |
| | | | | $5,250.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to confirm to the terms of the plan.

4. CHECK ONE: ( x) Debtor(s) is at or under median income
( ) Debtor(s) is over median income. Debtor(s) calculates that a minimum of $0.00 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. Liquidation of Assets

1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
_____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

**Upon Debtor returning back to employment, Debtor will provide**

**updated pay stubs to the Trustee within thirty (30) days and file an amended Plan and amended Schedule I and J if necessary**.

    3.    The Debtor estimates that the liquidation value of this estate is $  0.00  (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of the Trustee fees and priority claims.

**2.    SECURED CLAIMS**

    A.    <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes o the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

    B.    <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

Case 5:16-bk-04283-JJT    Doc 18    Filed 11/01/16    Entered 11/01/16 22:39:00    Desc
Main Document      Page 3 of 10
Case 5:16-bk-04283-JJT    Doc 26    Filed 11/25/16    Entered 11/26/16 00:49:16    Desc
Imaged Certificate of Notice      Page 4 of 11

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| M&T Bank<br>1100 Wehrle Drive<br>Williamsville, NY 14221<br>Acct No. 6861 | 530 Rear N. Filmore Ave.<br>Scranton, PA 18504 | $504.78 | $59,911.00 |

      C.    <u>Arrears</u>.  The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below.  If the Debtor of the Trustee objects to a Proof of Claim and the Objection is sustained, or if the plan provides for payment of amounts greater that the allowed Proof of Claim, the creditor's claim will be paid in the amount allowed by the Court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-Petition arrears to be cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |

| M&T Bank 1100 Wehrle Drive Williamsville, NY 14221 Acct No. 6861 | 530 Rear N. Filmore Ave. Scranton, PA 18504 | $16,700.00 | N/A | $0.00 The pre-petition arrears will be paid through loan modification The loan modification documents will be submitted to M&T Bank on or before January 31, 2017. M&T Bank will make a final decision on the loan modification on or before May 31, 2017. If the loan modification is approved, Debtor will file a Motion to Approve Loan Modification and obtain approval on or before June 30, 2017. In the event, the loan modification is denied, the Debtor shall file an Amended Plan to address the denial on or before June 30, 2017. |
|---|---|---|---|---|
| | | | | |

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| **Scranton Neighborhood Housing Services** | **530 Rear N. Filmore Ave. Scranton, PA 18504** | **Zero** | **None** | **Zero** | **Adversary** |

**\*"PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of collateral | Principal balance of Claim | Interest Rate | Total to be paid in the plan |
|---|---|---|---|---|
| **City of Scranton c/o Northeast Revenue Svc. Attn: Delinquent Refuse** | **530 Rear N. Filmore Ave. Scranton, PA 18504** | **1,284.60** | **9% $315.00** | **$1,599.60** |
| | | | | |

F. <u>Surrender of Collateral</u>: Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the

collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of collateral to be Surrendered |
|---|---|
|  |  |
|  |  |

G. <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of collateral |
|---|---|
|  |  |

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers.</u> Property of the estate vests upon closing of the case, and Debtor elects to include the following provision (Check if applicable)

( X ) Confirmation of the Plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following**:**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

**3. PRIORITY CLAIMS**

A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under paragraph 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

B. <u>Administrative Claims</u>:

    (1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

    (2) Attorney fees. Check one box:

        ( x ) In addition to the retainer of $ 1,000.00. Already paid by the Debtor, the amount of $3,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.

        ( ) $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court

    (3) Other administrative claims:

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

**4. UNSECURED CLAIMS**

A. <u>Claims of Unsecured nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| | | | | |

B. <u>Claims of General Unsecured Creditors</u>. All remaining allowed unsecured claims

shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| | | | | | | |

6. **REVESTING OF PROPERTY:** (Check One)

( ) Property of the estate will vest in the Debtor upon confirmation.(Not to be used with paragraph 2H)

( x ) Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

  A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows: (NOTE: If you are not seeking to discharge a student loan(s), do not complete this section:

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | | | | |

8. **Other Plan Provisions**

  A. Include the additional provisions below or on an attachment. (NOTE: The Plan and any attachment must be filed as one document, not as a plan and exhibit.)

**The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:**

    **Chapter 13 Trustee**      $     354.00 (est.)
    **Tullio DeLuca, Esq.,**      $   3,000.00
    **City of Scranton c/o North Rev. Srv**      $   1,599.60  (allowed secured claim refuse
    **Unsecured Creditors -pro rata basis**      $     296.40
                   **Total:**      $   5,250.00

**The Chapter 13 Trustee payment shall be made to the following address:**

CHARLES J. DEHART, III, ESQ.
P.O. BOX 7005
LANCASTER, PA 17604

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will me made by the trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Secured claims, pro rata.
Level 5:   Priority claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   General unsecured claims.
Level 8:   Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.


Dated  November 1, 2016              /s/Tullio DeLuca
                                     Attorney for Debtor